Marion V. V. Parke v. Commissioner.
Parke v. Commissioner
Docket No. 3348-64.
United States Tax Court
T.C. Memo 1966-3; 1966 Tax Ct. Memo LEXIS 278; 25 T.C.M. (CCH) 10; T.C.M. (RIA) 66003; January 7, 1966
Louis Lombardi, 34 Jay St., Schenectady, N. Y., for the petitioner. Marie L. Garibaldi, for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a $645.23 deficiency in petitioner's 1961 income tax. The sole question for decision is whether payments in the aggregate amount of $2,140 received by petitioner from her separated husband during 1961 for the support of herself and two children are includible in her gross income pursuant to Section 71(a)(3) of the 1954 Code. She resides in New York State and filed her 1961 return with the *279 district director at Albany. The facts have been stipulated. Petitioner and her husband were married in 1954. Two children were born of the marriage. In March 1959 the spouses separated. On June 4, 1959 petitioner petitioned the Children's Court of New York, County of Schenectady, to order her husband to furnish support for herself and their two children. On June 24, 1959 a judge of that court signed an order that the husband pay $40 a week for the support of petitioner and the two children. In terms, the order directed that the payments be made to petitioner "for the support of the dependents named in the petition", and the dependents named in the petition consisted of petitioner and the two children. In 1961, pursuant to this order, petitioner received payments aggregating $2,140. The Commissioner determined that this amount represented "periodic payments includible in gross income." We hold that he must be sustained. Section 71(a)(3) of the 1954 Code provides: (a) General Rule. - * * *
(3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after *280 the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. * * * These provisions are applicable here. It is immaterial that part of each payment was for the support of the children, for Section 71(b), dealing with payments to support minor children, excludes from the coverage of subsection (a) only "that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband." The order before us does not "fix, in terms of an amount of money or a part of the payment" that portion which may be allocable to child support. As a consequence, the payments in their entirety are chargeable to the wife as gross income. This has been so held by the Supreme Court in , dealing with predecessor provisions under the 1939 Code which do not differ in any material respect from the provisions of the 1954 Code to the extent that they are relevant here. We have no discretion in the matter. The *281 attempt of petitioner's counsel to distinguish the Lester case is confusing. He points out, quite correctly, that Lester involved a written agreement and subsequent divorce. But this is not of any significance. It means simply that, under the 1954 Code, the payments would be included in the wife's gross income pursuant to Section 71(a)(1), rather than under (a)(3) which is involved herein; but the critical language of Section 71(b) applies to the entire subsection (a), including both (a)(1) and (a)(3). There is no substance to the alleged distinction. Petitioner's counsel also suggests that the Children's Court may not have had jurisdiction and that the wife could not have properly gone there for her own support. There is no merit to the point. Counsel himself points out that Section 30 of the Children's Court Act grants jurisdiction to compel support of a wife (a) if pregnant or (b) if the support of her minor child or stepchild is involved. In the present case, the support of the two minor children was certainly involved, with the result that the Children's Court had jurisdiction to enter an order providing not only for their support but also for the support of the mother. But, *282 since the order provided for such support through payments of $40 a week which did not "fix" the amount or portion allocable to the children, Lester requires that the entire payment be included in the mother's gross income. Decision will be entered for the respondent.